UNITED STATES ex rel. ABDOO v. WILLIAMS, Immigration Com'r.

(Circuit Court, S. D. New York. September 4, 1904.)

1. ALIENS—EXCLUSION OF IMMIGRANTS—MINOR CHILDREN OF NATURALIZED FATHER.

The status, as aliens, of children born in a foreign country of alien parents is not changed by the naturalization of their father as a citizen of the United States by taking out his second papers while the children are detained in custody as immigrants at Ellis Island, and they remain subject to exclusion under the immigration laws for a dangerous contagious disease contracted before their embarkation; such children not being affected by Rev. St. § 2172 [U. S. Comp. St. 1901, p. 1334], which provides that the minor children of persons duly naturalized "if dwelling in the United States" shall be considered as citizens thereof.

This is a habeas corpus to review the action of the respondent in holding two infant children of the relator for return to the country whence they came. The facts appear in the opinion.

Ira Jay Dutton, for petitioner.
Robert A. Paddock, for Commissioner of Immigration.

LACOMBE, Circuit Judge. John Abdoo, a native of Syria and subject of the Sultan of Turkey, came to this country some time ago—the precise date does not appear—and in due course, at some time prior to July 31, 1904, took out his first papers. His two minor children, Catina Abdoo, aged 14, and Latifie Abdoo, aged 8, arrived in the port of New York on the steamship La Champagne, July 31, 1904. They had never been here before. Upon arrival they were duly examined by a qualified medical officer of the United States marine hospital service, who certified that they both had trachoma (a dangerous contagious disease), and were afflicted therewith at the time of their embarkation, and that the existence of such disease could have been detected at such time. A board of special inquiry thereupon investigated the case, and on August 4th excluded both as having such disease, at the same time admitting their brother, who was in sound condition. Thereupon the relator took out his final papers on August 10, 1904, and applied for a rehearing, which was granted. The board, after such hearing, unanimously excluded Catina because the evidence did not satisfy them that she was relator's daughter. As to Latifie, although all were satisfied that she had a contagious disease, a majority apparently supposed that the father's naturalization had changed her status, and voted to admit. The third member appealed, and the Department of Commerce and Labor held that both children were aliens and should be excluded.

The naturalization of the father did not change the status of these children. They were born out of the limits and jurisdiction of the United States, their father at the time of their respective births not being a citizen thereof. Therefore, under Rev. St. U. S., § 1993 [U. S. Comp. St. 1901, p. 1268], they were born aliens. They were aliens when they arrived here on July 31, 1904. The effect of their father's naturalization has been carefully restricted by Congress. The relevant parts of section 2172, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1334], are: "The children of persons who have been duly naturalized under any law of the United States * * * being under the age of twenty-one years at the time of naturalization of their parents shall, if dwelling in the United States, be considered as citizens thereof." It has been repeatedly held that the mere being at Ellis Island in the custody of the immigration authorities is not a landing within the meaning of any provision of the Revised Statutes, and that no landing has been effected until the immigrant has been passed by the authorities at Ellis Island. In re Palagano (C. C.) 38 Fed. 580; Nishimura Ekiu v. U. S., 142 U. S. 651, 12 Sup. Ct. 336, 35 L. Ed. 1146; In re Gayde (C. C.) 113 Fed. 588. Therefore these children were not "dwelling in the United States" when their father was naturalized, and his act did not require the authorities to consider them as citizens. Being aliens and indisputably immigrants, the provisions of the exclusion acts apply, and, it being properly determined that they are within one of the excluded classes, the respondent has jurisdiction to hold them for deportation. The relator relies on In re Di Simone (D. C.) 108 Fed. 942. In that case the

court held that a minor child "coming to join her father and finding him a naturalized citizen could not, under the policy of the law, have been treated as an alien immigrant, so as to prohibit her from entering, however loathsome, contagious, and dangerous a disease her sore eyes might have proven to be." And it applied the same rule when the parent had only taken out first papers. Although the opinion cited is a careful and elaborate one, it is unpersuasive to the conclusion that plain, positive, and unambiguous provisions of statute should be disregarded, as they necessarily must be to reach the result contended for. The subjects of naturalization and its results, and of immigration and its restrictions, rest wholly with Congress, and the policy of the law is what that branch of the government chooses to make it. If the law which it enacts works hardship, application should be made to amend it. Judicial legislation, under the guise of a construction of unambiguous words, is an imperfect remedy, and one which courts—certainly courts of first instance—should be slow to adopt. But in cases like the one at bar there is no injustice in the legislation. Upon this subject Congress has expressly provided for just such a case as this. As to aliens generally, it is provided (section 19, Act March 3, 1903, c. 1012, 32 Stat. 1218 [U. S. Comp. St. Supp. 1903, p. 179]) that "no alien suffering from a loathsome or with a dangerous contagious disease other than one of a quarantinable nature shall be permitted to land for medical treatment in the hospitals of the United States"; but in the thirty-seventh section of the same act (32 Stat. 1221 [U. S. Comp. St. Supp. 1903, p. 185]), is found this provision:

"Whenever an alien shall have taken up his permanent residence in this country, and shall have filed his preliminary declaration to become a citizen and thereafter shall send for his wife or minor children to join him, if said wife, or either of said children, shall be found to be affected with any contagious disorder, and if it be proved that said disorder was contracted on board the ship in which they came, and is so certified by the examining surgeon at the port of arrival, such wife or children shall be held, under such regulations as the Secretary of the Treasury shall prescribe, until it shall be determined whether the disorder will be easily curable, or whether they can be permitted to land without danger to other persons; and they shall not be deported until such facts have been ascertained."

Congress has thus set the limits within which the rules excluding aliens shall be modified, in cases where the father avails of his opportunity to become a citizen; and since the children of the relator do not come within the proviso, and are in fact aliens suffering from a contagious disease, they should be deported.

The writ is dismissed.