### UNITED STATES v. COHEN.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

#### No. 292.

ALIENS (§ 61*)—NATURALIZATION—PERSONS CAPABLE—WIFE OF ALIEN.

The alien wife of an alien husband cannot become a naturalized citizen of the United States.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 61.*

Citizenship of married women, see note to Hopkins v. Fachant, 65 C. C. A. 5.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Proceeding for naturalization by Henrietta Cohen. From an order admitting the applicant to citizenship, the United States appeals. Reversed.

A. S. Pratt, Asst. U. S. Atty.

Before COXE and WARD, Circuit Judges, and HAZEL, District Judge.

COXE, Circuit Judge. The United States appeals from an order of the Circuit Court for the Southern District of New York admitting Henrietta Cohen to citizenship. The appellee is 60 years of age, was born in Germany, arrived in this country in October, 1869, and has resided in New York since that date. She filed her declaration of intention in July, 1907, and her petition for naturalization on August 6, 1909. In, or about, the year 1870, she was married to Tobias Cohen who was, and still is, a subject of the Emperor of Russia. They are still living together as husband and wife and during their married life six children have been born to them.

The record presents the single question—whether the alien wife of an alien man, both having resided in this country as husband and wife for over 30 years, can become a citizen? We are unable to find a decision of the Supreme Court or of a Circuit Court of Appeals upon the precise question here in issue, but there is attached to the brief of the District Attorney an unreported decision of Judge Adams, of this circuit, denying an application based upon, substantially, identical facts. The question is interesting and is, by no means, free from doubt, but

we incline to the opinion that both on principle and authority it should be answered in the negative.

The admission to American citizenship is a high privilege which should not be granted upon a doubtful interpretation of the law. It must be conceded that there is no specific provision of the statutes which permits the naturalization of the alien wife of an alien husband. On the contrary, as was pointed out by Judge Henry B. Brown in Peguingot v. Detroit, 16 Fed. 211, the general trend of legislation has been constantly toward the recognition of the proposition that the husband is the head of the family and that his wife and minor children take his citizenship, it being inconsistent with the theory of our laws that the wife shall be a citizen and the husband an alien and vice versa.

The expatriation act of March 2, 1907 (Act March 2, 1907, c. 2534, 34 Stat. 1228 [U. S. Comp. St. Supp. 1909, p. 438]), provides as follows:

"Sec. 2. That any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws, or when he has taken an oath of allegiance to any foreign state. ⁕ ⁕ ⁕

"Sec. 3. That any American woman who marries a foreigner shall take the nationality of her husband. At the termination of the matrimonial relation she may resume her American citizenship, if abroad, by registering as an American citizen within one year with a consul of the United States, or by returning to reside in the United States, or if residing in the United States at the termination of the marital relation, by continuing to reside therein."

It is plain that Congress here intends that the wife shall assume the nationality of her husband even to the extent of expatriation in the case of an American woman. Though an American citizen prior to her marriage she cannot resume that citizenship while the marriage relation continues. It seems wholly inconsistent with the spirit of this legislation to permit an alien to acquire rights which are denied to a citizen. If an American woman had married Cohen she would immediately have become a Russian citizen and would be such to-day with no power to change her citizenship until the matrimonial relation is terminated by death, or otherwise. And yet it is argued that the appellee who was an alien when she came to this country and who married an alien while here and has during her entire life owed allegiance either to the Emperor of Germany or the Emperor of Russia, may do what she could not have done had she been born an American citizen. We cannot think that the lawmakers intended so anomalous a situation.

The order is reversed and the case is remanded to the Circuit Court with instructions to cancel the certificate of naturalization.