# IN THE MATTER OF THE APPLICATION OF CHONG SHEE FOR A WRIT OF HABEAS CORPUS.

## December 30, 1911.

*Aliens—Immigration—Exclusion—Chinese wife of citizen:* An alien woman whose husband is a citizen but who under Rev. Stat., sec. 1994, cannot herself become a citizen, may be denied admission to the country if within one of the classes excluded by the Immigration Act, 34 Stat. 878, am. 36 Stat. 263 (sec. 2).

*Habeas Corpus:* Hearing on return to writ.

*J. Lightfoot* and *G. S. Curry* for petitioner.
*R. W. Breckons,* U. S. District Attorney, and *C. C. Bitting,* Assistant U. S. Attorney, for respondent.

CLEMONS, J. The woman, Chong Shee, in whose behalf this writ of habeas corpus was issued, is of Chinese descent, the wife of a citizen of the United States of America, to whom she was married in China about four years ago. She has never been in the United States, and on now coming to the port of Honolulu is denied a landing by reason of being afflicted with trachoma, a dangerous contagious disease. The writ was prayed for on the ground that she is entitled to enter the country as being the wife of a citizen of the United States and having her legal domicile here.

Though this woman's domicile is, in law, the same as that of her husband (Jacobs, Domicile, sec. 209), the principle appears to be established for this jurisdiction by our superior circuit court of appeals, that where an alien Chinese woman is not returning from a temporary absence after having once been in the country and established a residence here (see *United States v. Nakashima,* 160 Fed. 842), she cannot, even though the wife of a citizen, be admitted if she is within one of the classes inhibited by section 2 of the Immigration Act (except as therein otherwise provided, e. g., persons admitted upon giving bond in certain cases). *Looe Shee v. North,* 170 Fed. 566. The basis of the ruling in the latter case, not adverted to, however, in the opinion, lies in the fact that the woman, though married to a citizen, still remains an alien because of her incapacity for naturalization. Bouve on Exclusion of Aliens, 385, note 10a, states such to be the ruling of the Supreme Court in *Low Wah Suey v. Backus,* 225 U. S. 460, and in spite of the suggestion of the reporter Id., 461, syllabus, that the decision only raised a *quaere* on this point, Bouve's statement is borne out by the result of the court's ruling, if not by the direct expression of the court's opinion. Id., 473-474, 476. See also, *In re Nicola,* 184 Fed. 322; *Leonard v. Grant,* 5 Fed. 11; *United States v. Sprung,* 187 Fed. 903, 913.

In considering the *Looe Shee* decision, the fact has not been overlooked that the marriage of Looe Shee was alleged

by the answer of the immigration commissioner to have been a sham marriage; but this allegation was not established (170 Fed. 568), and even if it had been, the fact of a sham marriage does not appear to have had any weight in the decision (Id., 571). Though the appellate court does not directly answer the contention of privilege arising from the citizenship of the husband (Id.), and might well have been explicit in that regard, the inference is clear enough that the court regarded the woman's being within one of the inhibited classes as conclusive against her, irrespective of her marriage to a citizen. It surely should not be assumed that the court determined the case on the ground of there being no marriage; for in view of the fact that by reason of the contention made in the women's behalf (Id., 571), the question was necessarily raised whether she was the wife of a citizen, the court would not have disposed of the case adversely to her on this vital question, without some express statement to such effect. In spite, however, of the question so raised, the court passed it, apparently as immaterial; and proceeded to determine the case on the fact of her being within one of the inhibited classes. It may be said, that the fact of the woman's having been already in the country, does not serve to distinguish that case, for she belonged to the special class of those who, when found practicing prostitution within three years after arrival here, are in effect presumed to have been prostitutes at the time of arrival, and, therefore, deportable as being unlawfully in the country. Id., 571.

This view of the matter is supported by section 37 of the immigration act, which provides that "whenever an alien shall have taken up his permanent residence in this country, and shall have filed his declaration of intention to become a citizen, and thereafter shall send for his wife or minor children to join him, if said wife or any of said children shall be found to be afflicted with any contagious disease, such wife or children shall be held,  .   .   .   until it shall

be determined whether the disease will be easily curable, or whether they can be permitted to land without danger to other persons; and they shall not be either admitted or deported until such facts have been ascertained; and if it shall be determined that the disease is easily curable or that they can be permitted to land without danger to other persons, they shall, if otherwise admissible, thereupon be admitted." The inference is, that if the disease is not easily curable, or is dangerous, the wife may not be admitted, even though her husband is an inchoate citizen; in other words the fact of the husband's status is immaterial.

Though the *Looe Shee* case was a flagrant one of prostitution, while the case at bar is not one involving moral turpitude, but is one of the mere misfortune of physical affliction, still the principle of the latter case seems to be the same as that of the former, which this court is bound to follow. If the citizenship of the husband can not avail the wife in that case, it is not seen how it can avail the wife in this case. See *Zartarian v. Billings,* 204 U. S. 170, wherein the citizenship of the father, a naturalized alien, was held not to avail the daughter born abroad and remaining abroad until after her father's naturalization. Also see *Low Wah Suey v. Backus,* 225 U. S. 460, 473-476.

Section 1994 of the Revised Statutes, providing that the wife of a citizen shall herself be deemed a citizen, does not, of course, apply in aid of the writ of habeas corpus; by the very terms of the statute, those women, like the Chinese woman here, who are not themselves eligible to become naturalized, do not gain citizenship from their husbands' status. See 22 Stat. 61, sec. 14, act of May 6, 1882.

The court regrets the hardship, or temporary hardship, that this ruling may cause, but feels, as expressed in the decision in *United States v. Williams,* 132 Fed. 894, 896, that: "If the law . . . works hardship, application should be made to amend it. Judicial legislation, under the

guise of a construction of unambiguous words, is an imperfect remedy, and one which courts—certainly courts of first instance—should be slow to adopt." See also *Low Wah Suey v. Backus,* 225 U. S. 460, 476. Because of the hardship of separating wife and husband, it is hoped that a way may be found to have the woman held for treatment, so that if possible the disease may be cured and her disability removed.

Let the writ be dismissed and Chong Shee remanded to the custody of the immigration inspector in charge at the port of Honolulu.