.UNITED STATES ex rel. DE RIENZO v. RODGERS, United States Commissioner of Immigration, et al.

(District Court, E. D. Pennsylvania. October 26, 1910.)

No. 28.

1. ALIENS (§ 54*)—IMMIGRATION—RIGHT TO ENTER—PHYSICAL CONDITION—CERTIFICATE OF THE MEDICAL OFFICER—DECISION OF BOARD OF INQUIRY—CONCLUSIVENESS.

Where, on the arrival of an alien, he was examined by. the medical officer of the United States public health and marine service, who certified that he was "afflicted with idiocy," and thereafter a board of special inquiry decided on such certificate that the alien was not entitled to enter, and directed that he be deported, the decision of the board was a conclusive finding as to the existence of the physical disability and that the applicant was within Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 448), providing that all idiots shall be excluded.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

2. CITIZENS (§ 9*)—CHILDREN OF NATURALIZED PARENTS—CITIZENSHIP—COMMENCEMENT.

Act March 2, 1907, c. 2534, § 5, 34 Stat. 1229 (U. S. Comp. St. Supp. 1909, p. 440), provides that a child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship of the parent, provided that such naturalization or resumption takes place during the minority of the child, and that the citizenship of such minor shall begin at the time the minor begins to reside permanently in the United States. Held, that where a minor child, whose father was a naturalized citizen, had never resided in the United States, and on applying to enter was found by a board of special inquiry to be an idiot and within excluded classes, he was not entitled to enter because of the citizenship of his father, as such right could not begin until the child had begun to permanently reside within the United States.

[Ed. Note.—For other cases, see Citizens, Cent. Dig. § 10; Dec. Dig. § 9.*]

Petition for habeas corpus by the United States on relation of Pasquale De Rienzo, by his father and next friend, Domenico De Rienzo, against John J. S. Rodgers, United States Commissioner of Immigration; and others, to obtain petitioner's release from custody under a deportation order passed by a board of special inquiry in immigration proceedings. Petition dismissed.

A. L. G. Hay, Joseph Levy, and Bernard F. Owens, for relator.
Walter C. Douglas, Jr., Asst. U. S. Dist. Atty.

HOLLAND, District Judge. It appears from the petition for a writ of habeas corpus in this case that the alien minor, Pasquale De Rienzo, aged 14 years, arrived at the port of Philadelphia July 1, 1910, on the steamer Taormina, from Italy. Upon his arrival he was examined by a medical officer of the United States public health and marine service, who certified that he was "afflicted with idiocy." Thereafter the board of special inquiry made a decision, based upon the certificate of the examining medical officer, excluding the relator from admission into the United States, and ordered him to be deported. The petition

further sets forth that the certificate of the medical examiner, to the effect that the petitioner "is afflicted with idiocy, is erroneous," and seeks to raise the question of his right to be permitted to establish his contention in court.

It will not be necessary to consider the question of the finality of the decision of the board of special inquiry upon the question of the petitioner's idiocy, based upon the certificate of the examining medical officer. Section 10 of the immigration act of February 20, 1907 (34 Stat. 901, c. 1134 [U. S. Comp. St. Supp. 1909, p. 453]), plainly makes the finding of the board upon such a certificate final as to the rejection of aliens afflicted " * * * with any mental or physical disability which would bring such alien within any of the classes excluded from admission to the United States under section 2 of this act," and, under the latter section, "all idiots," among others, are excluded.

It appears, however, that the father of the minor was naturalized in Somerset county, in the state of Pennsylvania, in April, 1909, and, in consequence, it is claimed that this alien, being a minor child of this naturalized father, is entitled to enter, notwithstanding his affliction, which would otherwise exclude him under the immigration act. The petitioner is one of the excluded classes under section 2 of the act of February 20, 1907. He is a minor child of a naturalized citizen, but has never resided in this country. Being a minor, his citizenship begins, as the law now stands, at the time the minor begins to reside permanently in the United States.

The law on this subject is found in section 5 of the act of March 2, 1907 (34 Stat. 1229, c. 2534 [U. S. Comp. St. Supp. 1909, p. 440]), which provides that:

"A child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship of the parent, provided that such naturalization or resumption takes place during the minority of such child; and, provided, further, that the citizenship of such minor child shall begin at the time that such minor child begins to reside permanently in the United States."

Prior to the passage of this act the law upon this subject was contained in section 2172, Rev. St. (U. S. Comp. St. 1901, p. 1334), which is as follows:

"The children of persons who have been duly naturalized under any law of the United States * * * being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered citizens thereof."

The law as it stood in this section of the Revised Statutes, prior to the passage of the act of 1907, extended the right of citizenship to those children only who were dwelling in the United States at the time the parent was naturalized, and if such a naturalized parent, at the time of his naturalization, had minor children dwelling abroad, they could not become citizens under their father's naturalization papers.

The act of 1907 extended citizenship to all children who were minors of the naturalized citizen at the date of his naturalization, whether dwelling in this country or abroad, but provided, as to the minor children who were not residing in this country at the time the parent became naturalized, that as to such minors the citizenship should

"begin at the time that such minor begins to reside permanently in the United States."

The petitioner in this case, according to the provisions of the act of March 2, 1907, "shall be deemed a citizen of the United States by virtue of the naturalization of * * * the parent." But the same section also provides that this citizenship shall not begin until this minor child shall permanently reside in the United States, and there is nothing here to indicate that this provision of the law in regard to citizenship was intended to repeal any of the sections of the immigration act, which had been passed some two weeks prior to the passage of the act in regard to citizenship.

In order that the petitioner may take advantage of the naturalization of the parent, he must begin his residence in the United States, and before he can do this he must comply with the requirements of the immigration act. There is nothing in the act of March 2, 1907, to indicate that he shall be relieved of any requirements imposed upon an alien under the immigration act, and under the second section of that act an alien idiot cannot be admitted to reside here, and therefore the petitioner cannot lawfully begin a permanent residence here, so that he may take advantage of the naturalization of his father. He "shall be deemed a citizen," etc., when he "begins to reside permanently in the United States," not before he begins to reside here. The body of section 5, act March 2, 1907, and the proviso must be read together. The former enables such a minor to avail himself of his father's naturalization to become a citizen when and at the time he "begins to reside permanently in the United States," and not before. He has never begun a permanent residence here, and his citizenship has not yet begun, and cannot begin until he begins a permanent residence by entering in accordance with the requirements of the immigration laws, as any other alien is required to do.

The petition is dismissed, and the petitioner is directed to be remanded to the United States Commissioner of Immigration.