## Ex parte JOYCE.

### (District Court, D. Massachusetts. August 12, 1913.)

#### No. 769.

1. **ALIENS (§ 54\*)—DETENTION AND RETURN OF IMMIGRANTS.**

   Under Immigration Act Feb. 20, 1907, c. 1134, § 24, 34 Stat. 906 (U. S. Comp. St. Supp. 1911, p. 513), providing for the detention of aliens for examination by a board of special inquiry, section 25, authorizing such board to determine whether an alien shall be allowed to land or be deported and providing that the decision of the appropriate immigration officers, if adverse to the alien's admission, shall be final, section 10, providing that the decision of the board based upon the certificate of the examining. medical officer shall be final as to rejection for feeble-mindedness, and section 17, providing for a medical examination by medical officers of the public health and marine hospital service, who shall certify for the information of the immigration officers and boards of special inquiry any physical and mental defects or diseases observed in any such alien, the final decision upon applications of aliens for admission rests with the board of special inquiry subject to appeal where an appeal is allowed, and the board is not bound to act in accordance with the medical certificate, and hence it was fundamental error to exclude other evidence, and a fair hearing had not been had.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.\*]

2. **HABEAS CORPUS (§ 110\*)—DETENTION OF IMMIGRANTS—BAIL.**

   Where a writ of habeas corpus has been issued and served, and an alien denied admission by the immigration officers is in the custody of the court for rehearing of the case, she may be admitted to bail.

   [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 99; Dec. Dig. § 110.\*]

Petition for writ of habeas corpus by W. C. Prout on behalf of Nora Joyce. Writ issued.

See, also, 212 Fed. 282.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William C. Prout, of Boston, Mass., for petitioner.

William H. Garland, Asst. U. S. Atty., of Boston, Mass., for respondent.

MORTON, District Judge. This case was heard upon the·petition, answer, statement of agreed facts, and certain rules for the guidance of medical inspectors which were put in evidence.

[1] It appears to be the established practice of the immigration authorities for a case to be reheard, when occasion requires, by successive boards of special inquiry. The later boards apparently rehear and determine such cases on the merits. The decisions of the preceding boards, either are not considered as final adjudications of the matter, or are regarded as having been set aside by the convening of the later board to hear the case. There is no controversy but that the final determination of Nora Joyce's application for admission was made by the second board of special inquiry, which acted upon the certificate of the medical board, under the belief that the findings in the certificate were conclusive, and that no other evidence upon the alien's mental condition could be received. Taking this view of the law, the immigration authorities denied the alien's request to permit a medical examination by outside physicians, at her expense, and prevented her from obtaining and submitting such evidence to the board of special inquiry which finally decided her case. A prior petition for a writ of habeas corpus was filed on behalf of this alien, and was dismissed without prejudice for the reasons stated in the opinion therein.

The Immigration Act provides (section 24) that every alien ·who may not appear to the examining immigrant inspector at the port of arrival to be clearly and beyond doubt entitled to land shall be detained for examination in relation thereto by a board of special inquiry. Section 25 further provides that:

"Such boards shall have authority to determine whether an alien who has been duly held shall be allowed to land or shall be deported, * * * and the decision of any two members of a board shall prevail, * * * the decision of the appropriate immigration officers, if adverse to the admission of such alien, shall be final. * * *"

By section 10 of the act, the decision of the board of special inquiry, "based upon the certificate of the examining medical officer, shall be final as to the rejection of aliens afflicted with" feeble-mindedness. The medical examination of arriving aliens is provided for in section 17 of the act. It is to be made by medical officers of the United States Public Health and Marine Hospital Service, "who shall certify for the information of the immigration officers and the boards of special inquiry hereinafter provided for, any and all physical and mental defects or diseases observed by said medical officers in any such alien." The United States Public Health and Marine Hospital Service is to be reimbursed by the immigration service for "all expenditures incurred in carrying out the medical inspection of aliens."

These sections, it seems to me, leave the· final decision upon applications of aliens for admission with the boards of special inquiry,

subject to appeal in cases where an appeal is allowed by the act. In this case, the exclusion having been based upon a medical certificate, and upon the ground of mental disability, the decision of the board of special inquiry was final.

For the reasons above given,. and those stated in my opinion on the first petition in behalf of this immigrant, it seems to me that the board of special inquiry made an error of law in assuming that it was bound to act in accordance with the medical certificate. There can be no doubt that the error of law was fundamental. It led the immigration authorities to refuse the alien's request for an opportunity to obtain evidence in her behalf, and to refrain from making any independent decision of the case. I therefore find and rule that there has not been a fair hearing of the matter before the immigration authorities, that the petition for a writ of habeas corpus must be allowed, and the writ must issue.

[2] After the writ has been issued and served and Joyce is in the custody of this court for a rehearing of the case, in accordance with the decision in Chin Yow v. U. S., 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, she may be admitted to bail in the sum of $500, and the case itself may go on the list for September 8th for a hearing on the merits. At that time I will hear and determine the question whether she is entitled to admission.