The fact that Sitner was by mistake allowed to enter the country and to go at large before the order for his deportation had been carried out does not, I think, change his rights. He has never been legally admitted to this country. The situation is that he is again in custody, within the control of the immigration authorities, who are now in a position to enforce the first order of exclusion. The only fact material to this case settled by the warrant proceedings, viz., that Sitner was never legally allowed to land, is not in controversy. The irregularities in those proceedings are therefore immaterial. U. S. ex rel. Rosen v. Williams, 200 Fed. 538, 118 C. C. A. 632; Siniscalchi v. Thomas, 195 Fed. 701, 115 C. C. A. 501. The case seems to me essentially different from one in which the alien had been permitted to land by the proper authorities, in which event the warrant proceedings would be the basis for his deportation. While the defendant's answer sets up only the warrant, and does not refer to the prior order of exclusion, the record returned shows that such an order was made and is in force.

---

### Ex parte SITNER.

(District Court, D. Massachusetts. January 26, 1914.)

#### No. 767.

1. ALIENS (§ 54*)—DETENTION AND RETURN OF IMMIGRANTS.

The assumption by a board of special inquiry that it was absolutely bound by the medical certificate in determining whether an alien should be excluded as a feeble-minded person was such a fundamental error of law as prevented a fair hearing.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

2. ALIENS (§ 54*)—DETENTION AND RETURN OF IMMIGRANTS.

In a hearing on the merits of a habeas corpus proceeding by an alien, excluded by a board of special inquiry, evidence held to show that such alien was not a feeble-minded person nor liable on account of feeble-mindedness to become a public charge.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Habeas corpus proceeding by Simon Sitner. Petitioner discharged from custody.

See, also, 212 Fed. 571.

William H. Lewis, of Boston, Mass., for petitioner.

William H. Garland, Asst. U. S. Atty., of Boston, Mass., for respondent.

MORTON, District Judge. [1] A prior petition for a writ of habeas corpus, filed on behalf of this alien, was dismissed without prejudice for reasons stated in my opinion thereon. This petition was thereafter filed and was heard upon agreed facts and statements of counsel. It clearly appeared at the hearing upon this petition that the board of special inquiry had, in rendering its decision, assumed that it was absolutely bound by the medical certificate. Following my decision in the Nora Joyce Case, 212 Fed. 285 (to which reference may be made), I thereupon ruled that there had been such a fundamental error of law as prevented the hearing before the board of special inquiry from being fair to the alien, and ordered the writ to issue.

[2] The writ accordingly issued, the petitioner was produced in court, and there was a second hearing upon the question whether the petitioner was entitled to admission into the United States. At this hearing both parties were represented by counsel and such evidence was heard as either party desired to offer. For the petitioner two physicians testified that they had examined him and observed him, and saw nothing in the least abnormal or peculiar in his mental processes. They were both clearly of the opinion that he was not feeble-minded. From the testimony of other witnesses, which was not contradicted, it appeared that the petitioner had been married 23 or 24 years and had a wife and several children in Russia; that his trade was that of pot-maker (or potter), making earthenware from clay upon an old fashioned potter's wheel; that he had been continuously employed at this occupation in Russia before coming to this country, at the same place for 31 years; and that he had never been supposed or reputed to be naturally deficient in intelligence or understanding. During the period between his release and his re-arrest he worked for his brother-in-law, and after his release on bail he continued to work for his brother-in-law, sorting junk, peddling alone, and doing other jobs. The petitioner testified before me, and I was unable to detect any natural deficiency in intelligence or any indications of a subnormal intellect. The petitioner appeared to be fully as bright as other members of his race and class, and to have made unusual progress in learning English for the time which he had been in the country. No evidence whatever was offered on behalf of the respondent.

I therefore found and ruled that Simon Sitner is not a feeble-minded person, nor liable on account of feeble-mindedness to become a public charge; that he is not within any of the excluded classes and is entitled to admission. I directed an order to be entered discharging him from custody.