GIN DOCK SUE v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. October 1, 1917.)

No. 2858.

1. ALIENS �köö32(12)—DEPORTATION OF CHINESE—REVIEW OF PROCEEDINGS.
   A Chinese person's application for admission to the United States as a returning Chinese merchant was denied by the Commissioner of Immigration. An appeal to the Secretary of Labor was dismissed, and pending an application for reopening the case, he escaped from detention. *Held* that, on a subsequent proceeding for deportation, the mercantile status of the Chinese person could not be inquired into, having been determined by the judgment of the immigration officials, and not being open to review, unless the proceedings were unfair.

2. ALIENS �köö31—CHINESE PERSONS—PROCEEDINGS FOR DEPORTATION.
   Where a Chinese person, applying for admission to the country as a returning merchant, escaped from detention pending a petition to reopen his case, his application having been denied and admission refused, he may, though by reason of his escape he continued in the country for more than three years, be thereafter deported under Immigration Act Feb. 20, 1907, c. 1134, § 21, 34 Stat. 905 (Comp. St. 1916, § 4270); for though an alien, who has violated no law, except that he is in the country through an irregular entry, cannot after three years' residence be deported, unless charged with immorality, etc., the order denying such Chinese person's application for admission stood as a judgment requiring deportation throughout the period of his entire residence.

3. ALIENS ⊦⊦⊦23(1)—DEPORTATION OF CHINESE PERSONS—DEFENSES.
   That a Chinese person sought to be deported was a merchant did not entitle him to remain, where his status as such was acquired subsequent to his entry into the country surreptitiously, by escaping from detention quarters after he had been denied permission to land.

4. ALIENS ⊦⊦⊦23(1)—DEPORTATION OF CHINESE PERSONS—DEFENSES.
   A Chinese person, who resided in the United States for over six years, carrying on the business of a merchant, does not, by reason of his connection with an association of Chinese attached to the Chinese consulate, fall within the exemption of Act May 6, 1882, c. 126, § 13, 22 Stat. 61, as amended by Act July 5, 1884, c. 220, 23 Stat. 118 (Comp. St. 1916, § 4300), declaring that exclusion provisions shall not apply to diplomatic and other officers of the Chinese or other governments traveling upon the business of that government.

5. ALIENS ⊦⊦⊦23(1)—DEPORTATION OF CHINESE—ATTENDANT OF CONSUL.
   A Chinese person, who became secretary of an association of Chinese persons attached to the Chinese consulate, who had no credentials from his government or passport from the minister at Washington, is not an

⊦⊦⊦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied January 7, 1918.

attendant of a consular officer, within Act Sept. 13, 1888, c. 1015, § 14, 25 Stat. 479 (Comp. St. 1916, § 4314), exempting Chinese diplomatic or consular officers and their attendants from provisions for the deportation of Chinese persons, though such Chinese person did some work for the consul and was a member of an advisory board; the association being benevolent in its nature and composed of Chinese from a particular province.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Deportation proceedings by the United States against Gin Dock Sue. Deportation was directed by the commissioner, and a like order (230 Fed. 657) being entered, on appeal to the District Court, defendant appeals. Affirmed.

From the stipulation of counsel, the following facts are gleaned: Appellant departed from the United States for China July 9, 1907. He returned July 14, 1908, and, under the name of Yeung Lung Soo, applied for admission as a returning Chinese merchant. His admission was denied by the commissioner of immigration at the port of San Francisco August 26, 1908. An appeal was taken from the commissioner's decision, which was dismissed by the honorable Secretary of Labor October 1, 1908. An application was made for a reopening of the case November 4, 1908, but on November 28, 1908, appellant escaped from his place of detention, and on December 8, 1908, the commissioner of immigration denied the application because of the fact that appellant had escaped from the place where detained and was a fugitive.

The present proceeding was instituted before a United States commissioner, by complaint of an immigration inspector, seeking the appellant's deportation on the ground that he was then illegally within the United States. The commissioner ordered him to be deported, and on appeal to the District Court a like order was made and entered. The case is now here on appeal from the judgment of the District Court.

George A. McGowan, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above). Three contentions are made opposing appellant's deportation: First, that he is a Chinese official, and on that account may not be excluded; second, that he has been engaged in business in California as a Chinese merchant for the past 6½ years, and for that reason may not be excluded, although ordered deported for a prior irregular re-entry; and, third, that the court has jurisdiction, and should now inquire into the mercantile status of appellant for the year prior to his departure from the United States, it being claimed that his status was that of a merchant, and for that reason that he should not now be deported. We will consider these in their inverse order.

[1] The obstacle in the way of our inquiry into the mercantile status of the appellant for the year prior to his departure from the United States is that the decision, order, and judgment of the commissioner of immigration are final, and a bar thereto, and preclude further action by the courts, unless the appellant has not been accorded a fair hearing;

and the fairness of his treatment at such hearing is not a matter of controversy here. His appeal to the Secretary of Labor was dismissed, which put an end to the inquiry, unless his case was reopened for further hearing. An attempt was made to reopen it, but was defeated by the appellant's act in escaping from his place of detention. The crucial question here is whether appellant shall be deported in pursuance of the order and judgment of the commissioner of immigration. Whatever his status at that time, that judgment has settled that it was not such as to entitle him to a re-entry into the United States, and by this the court is precluded from entertaining further inquiry, except, as we have indicated, upon complaint that he was not accorded a fair hearing before the commissioner. Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369.

[2] It is urged in support of the second contention that, appellant having remained within the United States for the period of three years, he cannot now be deported, although his entry was irregular—this for two reasons, namely: (1) That he was not proceeded against within 3 years, in pursuance of section 21 of the general act to regulate the immigration of aliens into the United States; and (2) that his status has been that of a merchant in the meantime—indeed, it is said, for 6½ years prior to the present hearing.

It is quite true that an alien may not be deported after 3 years' residence, who has violated no law except that he is here through an irregular entry, if he is not otherwise chargeable with personal immorality. United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354. In the present case, however, the appellant has been proceeded against within the 3 years. He was, in fact, proceeded against instantly upon his attempt to effect a re-entry, and his right to re-enter was adjudged adversely to his contention. The 3 years have elapsed with this order and judgment standing against him, neither reversed nor annulled. In other words, the judgment in the meanwhile has been in effect declarative of his unlawful status, as being within the country surreptitiously.

[3] This brings us to the inquiry whether, notwithstanding the order and judgment that he was without the right or privilege of re-entry, his remaining within the United States surreptitiously for more than three years, with the status of a merchant, cures his unlawful entry. In Tsoi Sim v. United States, 116 Fed. 920, 54 C. C. A. 154, which involved the right to remain, in the United States of a Chinese woman who lawfully entered before the Chinese Exclusion Act was enacted, and remained there afterwards, but failed to register as required, and was thereafter lawfully married to a citizen of the United States, it was held that, by reason of her marriage, appellant took the status of her husband, and was not subject to deportation; the court assuming that she was subject to deportation previous to her marriage. So it was held, respecting a French woman, who, pending proceedings for her deportation under the immigration laws, married a citizen of the United States, that, by reason of having taken the status of her husband, she was entitled to remain. Hopkins v. Fachant, 130 Fed. 839, 65 C. C. A. 1.

In Ex parte Ow Guen (D. C.) 148 Fed. 926, the relator, a Chinaman, was a resident of this country before the adoption of the Chinese Exclusion Act. He went to China, leaving the affidavits of two white witnesses showing him to be a merchant in Lowell. On his return he was refused admission because, although a merchant in fact, he was said not to be in law, as he had been a laborer and remained unregistered. He came again, and applied for admission as a merchant, but was ordered deported, because he had been an unregistered laborer. The court held that the relator, as an unregistered laborer, was entitled to all the rights of a resident alien until proceeded against and deported—among others, the right to become a merchant, and that, when he became a merchant, he had all the rights of one under the law. This was not a case of curing an unlawful entry by becoming a merchant. It was merely a case in the end where, a Chinaman having applied to enter as a merchant, and having been denied entry on the ground that he had been formerly within the United States with the status of a laborer, it was declared that he had the right to change his status, and, having done so, in pursuance thereof had the right of re-entry as a merchant.

These cases are not controlling here. If appellant's re-entry had been surreptitious only, the case would be different. He came and applied for re-entry, and was adjudged not to be entitled thereto. After the judgment had gone against him, he escaped, and remained in the country in spite of the efforts to deport him in pursuance of the order and judgment of the commissioner of immigration. It does not seem to us that an unlawful resistance of a lawful order and judgment, however long continued, can have the effect to outlaw such order and judgment. It is not through the neglect of the government that the order has not been executed, but through the adroitness of appellant in keeping himself secreted. We think, therefore, that, while appellant's long residence in this country might have cured a merely surreptitious entry, it does not cure an unlawful resistance of the judgment and order of deportation. To hold otherwise would be to encourage resistance to lawful authority.

[4, 5] The next inquiry is whether appellant is a Chinese officer within the exempted class. Section 13 of the act of May 6, 1882, as amended July 5, 1884 (23 Stat. 118), provides that the act "shall not apply to diplomatic and other officers of the Chinese or other governments traveling upon the business of that government"; and section 14 of the act of September 13, 1888 (25 Stat. 479), further provides "that the preceding sections shall not apply to Chinese diplomatic or consular officers or their attendants." The appellant clearly does not bring himself within the provision of section 13 of the earlier act. He is not in any sense an officer traveling upon the business of his government. Nor is he a diplomatic or consular officer within the meaning of section 14 of the act of 1888. Can he be said to be an attendant of such an officer, admitted to the United States under special instructions of the Department of Commerce and Labor?

K. Ow Yang, the Chinese consul general for the port of San Francisco, testifies that appellant is secretary of the Ning Yung Association,

and attached to the Chinese consulate, and that he has been so attached since last November (1913); that he was selected by the Ning Yung Association, and that all the members of the different associations assist in the consular work; that all the presidents of such associations come from China, but that the secretary is usually selected in this country on account of his knowledge of English. The appellant has no credentials from his government, nor a passport from the minister at Washington. He simply is secretary of an association, who may do some work for the Chinese consul if he sees fit to call upon him for that purpose, and a member of the advisory board of the consul. It further appears that the Ning Yung Association is composed of all the Chinese living in this country who come from Ning Yung province in China, and that the work of the association is benevolent in character. This testimony shows the appellant to be an officer of the Ning Yung Association—an association organized in this country; not an association even of the Chinese government, nor organized by its authority. By reason of his being such an officer, the Chinese consul avails himself of his assistance in doing consular work; but we infer that he is not a regular attendant of the consul, any more than are the secretaries of all the six associations of Chinese residents in this country similarly organized, who may be members of an advisory board of the consulate. This, as we are impressed, does not constitute the appellant an attendant of the consular office of the Chinese government, within the meaning of section 14 of the act of Congress of September 13, 1888. But, even if he had become an attendant by reason of his selection by the Ning Yung Association as secretary, we think that would not avail to cure his unlawful resistance to deportation under the order and judgment of the commissioner of immigration. Nor do we think that the treaty relations between this government and China help his case.

Affirmed.

---

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes