**UNITED STATES ex rel. SCHACHTER v. CURRAN, Commissioner of Immigration, et al.**

(Circuit Court of Appeals, Third Circuit. February 21, 1925.)

No. 3211.

1. **Habeas corpus** ⊗⟹113(12) — **Appellate courts will not review weight of evidence on appeal in habeas corpus proceedings.**

The appellate courts will not review weight of evidence or reconcile conflicting testimony on appeal in habeas corpus proceedings.

2. **Aliens** ⊗⟹39—**Congress has plenary power to prescribe terms for admission of aliens.**

Congress has plenary power to prescribe terms and conditions for admission of aliens into United States.

3. **Aliens** ⊗⟹54 — **Determination, after fair hearing, by proper administrative authority, that alien has not complied with statutory requirements, held conclusive.**

Whether alien has complied with statutory requirements for admission is administrative question to be determined by proper authority after fair hearing, and such determination is conclusive on courts.

4. **Aliens** ⊗⟹54—**Alien has rights of which he cannot be deprived without due process of law; courts may inquire whether he has had fair hearing.**

Alien seeking admission to United States has rights of which he cannot be deprived without due process of law, and court may inquire whether he has had fair hearing.

5. **Aliens** ⊗⟹54—**Alien held not given fair hearing where Board of Special Inquiry did not consider documentary evidence of residence in South America.**

Where Board of Special Inquiry did not consider documentary evidence that alien had resided in South America for five years preceding his application for admission, which was sole ground on which he claimed right to enter under Act May 19, 1921, § 2, as amended by Joint Res. May 11, 1922, § 2 (Comp. St. Ann. Supp. 1923, § 4289½a), he did not have fair hearing.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Habeas corpus by the United States, on the relation of David Schachter, by his next friend and brother, Nathan Schachter, against Henry H. Curran, Commissioner of Immigration, Port of New York, and another. From an order dismissing the writ and remanding relator to custody of the Commissioner, relator appeals. Reversed.

Adrian Bonnelly, of Philadelphia, Pa., for appellant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., for appellee Curran.

Phillip Forman, of Trenton, N. J., for other appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order of the District Court dismissing a writ of habeas corpus and remanding the alien relator for deportation to the custody of the Commissioner of Immigration at the Port of New York.

The evidence shows that the relator is a native of Santanov, Russia. He sought admission into the United States from Argentina, South America. He claims to have landed in Argentina from Russia in October, 1918, and to have resided continuously in that country until March, 1924, when he embarked on the steamship Voltaire, from Buenos Ayres, Argentina, for the United States.

Section 2 of the Act of May 19, 1921 (42 Stat. 5, c. 8), as amended (42 Stat. 540, § 2 [Comp. St. Ann. Supp. 1923, § 4289½a]), provides that: "The number of aliens of any nationality who may be admitted under the immigration laws to the United States in any fiscal year shall be limited to 3 per centum of the number of foreign born persons of such nationality resident in the United States as determined by the United States census of 1910. This provision shall not apply to the following, and they shall not be counted in reckoning any of the percentage limits provided in this act * * * aliens who have resided continuously for at least five years immediately preceding the time of their application for admission to the United States in the Dominion of Canada, Newfoundland, the Republic of Cuba, the Republic of Mexico, countries of Central and South America, or adjacent islands."

The sole question at issue upon which the admission or rejection of the alien depended was whether or not he had resided in South America for at least five years immediately preceding the time of his application for admission to the United States. On his arrival at Ellis Island, N. Y., he presented a passport from the Russian Legation at Buenos Ayres, dated March 11, 1924, which was viséed March 20, 1924, by the American consul located in that city. Hearings were held by a Board of Special Inquiry at Ellis Island on April 19 and 21, 1924. At the conclusion of the hearing on the last date, the Board by a unanimous vote excluded the alien on the ground that he had come to the United States "in excess of the Russian quota."

No consideration whatever seems to have been given by the Board to the question of his residence in South America. In other words, the sole ground on which the alien claims the right to enter the United States was ignored. On appeal, the Commissioner General of Immigration ordered the alien deported. He was placed on board the steamship Vandyck, at Hoboken, N. J. A petition for writ of habeas corpus was allowed by Judge Rellstab, who after the argument returned the case on June 9, 1924, to the Board of Inquiry with the following order: "That the determination of the said Board of Special Inquiry be fully and completely set forth upon the question of the residence of the relator in South America for five years next previous to his application for admission into the United States and as to whether he is entitled to consideration as an exception under section 2, subdivision 7, of the Act of May 19, 1921, as amended."

On June 12, 1924, the case was "reopened for the correction of the record" by the Board which, without further testimony, entered the following: "Opinion. The Board is not satisfied from the evidence submitted that this alien has resided in Argentina for five years prior to his application for admission to the United States, and he is, therefore, not entitled to consideration as an exemption under section 2A, subd. 7, Act of May 19, 1921, as amended. He is therefore excluded as coming in excess of the quota allotted to the country of his birth, namely, Russia. Excluded."

On a further hearing, the District Court entered an order dismissing the writ of habeas corpus. The case is here on appeal from that order.

[1-4] On appeal from orders sustaining or dismissing writs of habeas corpus, it is not the province of appellate courts to review the weight of the evidence or to reconcile conflicting testimony. United States v. Tod (C. C. A.) 296 F. 345, 347. The Congress is clothed with plenary power to prescribe whatever terms and conditions it de-

sires for the admission of aliens into the United States. An alien may be admitted to the United States when he complies with these terms and conditions. Whether or not he had done so is an administrative question to be determined by the proper authority after a fair hearing. Such determination is conclusive upon the courts. An alien has rights, however, of which he cannot be deprived without due process of law and for the enforcement of which he may invoke judicial interference. Rodgers v. United States, 157 F. 381, 384, 85 C. C. A. 79. The decision in the instant case, that the alien had not resided five years in Argentina immediately preceding his application for admission to the United States, is final if it is based upon competent and adequate evidence. Chin Yow v. United States, 208 U. S. 8, 12, 28 S. Ct. 201, 52 L. Ed. 369; Zakonaite v. Wolf, 226 U. S. 272, 274, 33 S. Ct. 31, 57 L. Ed. 218; Kwock Jan Fat v. White, 253 U. S. 454, 457, 40 S. Ct. 566, 64 L. Ed. 1010. The Congress has conferred upon the Secretary of Labor great power in admitting or excluding aliens. But this power must be exercised fairly and in good faith with an earnest effort to discover the truth in accordance with the traditions and principles of free government, applicable where the fundamental rights of men are involved, and in accordance "with the fundamental principles of justice embraced within the conception of due process of law." Tang Tun v. Edsell, 223 U. S. 673, 681, 682, 32 S. Ct. 359, 363 (56 L. Ed. 606); Kwock Jan Fat v. White, supra. While federal courts may not inquire whether or not on the evidence a decision of a Board of Special Inquiry is right or wrong, they may, nevertheless, inquire whether or not the alien had a fair hearing and whether or not the evidence was disregarded or adequately supports the decision. Hughes v. United States (C. C. A.) 295 F. 800, 803.

[5] In addition to the passport from the Russian Legation in Buenos Ayres, the alien testified that he had worked as a salesman in a furniture store in La Plata, Argentina, for one person from October, 1918, until March, 1924, and that he presented a certificate, showing that fact, from his employer to the American Consul in Buenos Ayres. Moreover, the record contains the following: "The alien shows affidavit made by himself before the American Consul March 18, 1924, stating he arrived in Argentina October,

1918, and resided there permanently since. In substantiation of this, he has produced La Plata court certificate indicating that he lived in Argentina for more than five years." The certificate from the employer and court certificate were retained by the American Consul. In allowing the writ of habeas corpus the learned District Judge recognized that the Board of Special Inquiry had either inadvertently overlooked or intentionally disregarded the portion of the statute under which the alien might be admitted to the United States and the evidence which might bring him within its provisions. He therefore returned the case to the Board of Special Inquiry, with directions that the question of the residence of the alien in South America be fully and completely set forth; but the Board did not take any additional testimony and apparently did nothing except to add to its former conclusion the words that, "The Board is not satisfied from the evidence submitted that this alien has resided in Argentina for five years prior to his application for admission to the United States." The documentary evidence upon which the alien relied was in the possession of the United States and accessible to the Board of Inquiry, and perhaps to it alone. There was nothing in the evidence to impeach the testimony of the alien to the effect that he had lived in La Plata continuously five years before leaving for the United States. The documentary evidence upon which he had secured the visé of his passport was apparently not considered at all. As Judge Hand said in the case of United States ex rel. Basile v. Curran (D. C.) 298 F. 951: "It is not enough for the Board of Special Inquiry to say that they do not believe that the certificate was retained by the consul, in the face of his jurat, or that it was false, when they had not seen it. They have no power to dispense with the usual means of ascertaining the truth. * * * Hence I held that these aliens were denied a fair hearing, because it lay within the power of the authorities, and probably of them alone, to produce the missing certificates on which the aliens' cases hung."

In the case at bar, we are forced to the conclusion that the alien did not have a fair hearing and that the evidence upon which he claims the right of admission to the United States was mistakenly ignored.

Therefore the judgment dismissing the writ of habeas corpus is reversed.