UNITED STATES ex rel. DE RIENZO v. RODGERS, U. S. Com'r of Immigration, et al.

(Circuit Court of Appeals, Third Circuit.   April 12, 1911.)

Nos. 14, 1,450.

1. ALIENS (§ 60*)—RIGHT TO CITIZENSHIP—STATUTES.

The right of aliens to acquire citizenship is statutory, and the laws regulating and restricting such right are not in derogation of common right, and an applicant for admission must strictly comply with the conditions imposed by law.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 60.*]

2. ALIENS (§ 46*)—CITIZENS (§ 9*)—CHILDREN OF NATURALIZED PARENTS—COMMENCEMENT OF CITIZENSHIP.

Under Act March 2, 1907, c. 2534, § 5, 34 Stat. 1229 (U. S. Comp. St. Supp. 1909, p. 440), providing that a child born without the United States of alien parents shall be deemed a citizen by virtue of the naturalization of the parent, taking place during the minority of the child, provided that the citizenship of such child shall begin when he begins to reside permanently in the United States, until a minor child of a naturalized parent has begun to reside permanently in the United States, he is an alien, and he cannot begin to so reside if he belongs to a class of aliens debarred from entry, and the naturalization of a father will not permit his minor child born abroad, and remaining in the country of his nativity until after the naturalization, to come into the United States if prohibited from entering by Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447), excluding from admission into the United States persons belonging to enumerated classes.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 46;* Citizens, Cent. Dig. §§ 8–12; Dec. Dig. § 9.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

Petition for habeas corpus by the United States, on relation of Pasquale De Rienzo, by his father and next friend, Domenico De Rienzo, against John J. S. Rodgers, United States Commissioner of Immigration, and others, to obtain petitioner's release from custody under a deportation order passed by a board of special inquiry in immigration proceedings.   There was a judgment of the District Court (182 Fed. 274) dismissing the petition, and plaintiff brings error.   Affirmed.

Joseph Levy, A. L. G. Hay, and Bernard F. Owens, for plaintiff in error.

J. Whitaker Thompson, U. S. Atty., and Walter C. Douglass, Jr., Asst. U. S. Atty., for defendants in error.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

GRAY, Circuit Judge.   This case arises on an appeal from a decree dismissing a writ of habeas corpus.   On the hearing in the court below, it appeared that the relator, Pasquale De Rienzo, was a minor, 14 years of age, a native of Italy.   He arrived at Philadelphia on the steamship Taormina, from Naples, on July 31, 1910.   Upon arrival, he was examined by two medical officers of the United States Public

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Health and Hospital Marine Service, who certified that he had "idiocy, which condition could have been determined by competent medical examination at the port of foreign embarkation." Thereafter, on the same day, July 31, 1910, the board of special inquiry, constituted in accordance with the Immigration Act of February 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447), made a decision, based upon the medical certificate, excluding the relator from admission into the United States.

It is conceded on this appeal that the decision of the board of special inquiry, based upon the certificate of the examining medical officer, was final, not admitting of appeal. A proceeding in the nature of an appeal, however, was taken to Washington, and a second medical examination was ordered and made, with the same result.

It also appeared that the relator had twice before sought to enter the United States and had been excluded as an idiot, once at the port of Boston in September, 1905, and again at the port of New York, in June, 1909.

It also appeared that the father of the relator, Domenico De Rienzo, was naturalized in Somerset county, Pa., April 12, 1909, and it is by reason of the naturalization of the parent, under the provisions of section 5 of the Act of March 2, 1907, c. 2534, 34 Stat. 1229 (U. S. Comp. St. Supp. 1909, p. 440), that the relator now claims the right to enter the country, on the ground that he is thereby invested with citizenship and not subject to the operation of the immigration laws.

The relator was denied admission into the United States, under authority of the act of February 20, 1907, entitled "An act to regulate the immigration of aliens into the United States," the material provisions of which are as follows:

"Sec. 2. That the following classes of aliens shall be excluded from admission into the United States: All idiots, imbeciles, feeble minded persons. *   *   * "

"Sec. 17. That the physical and mental examination of all arriving aliens shall be made by medical officers of the United States Public Health and Marine Hospital Service. *   *   * "

"Sec. 10. That the decision of the board of special inquiry, hereinafter provided for, based upon the certificate of the examining medical officer, shall be final as to the rejection of aliens affected with tuberculosis or with a loathsome or dangerous contagious disease, or with any mental or physical disability which would bring such aliens within any of the classes excluded from admission to the United States under section 2 of this act."

The act of March 2, 1907, is entitled, "An act in reference to the expatriation of citizens and their protection abroad." Section 5 of this act, under which the relator claims the right to enter the country, is as follows:

"Sec. 5. That a child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship by the parent: Provided, that such naturalization or resumption takes place during the minority of such child; and provided further, that the citizenship of such minor child shall begin at the time such minor child begins to reside permanently in the United States."

It is insisted by counsel for the relator, that the section just quoted from the act of March 2, 1907, gave an inchoate right of citizenship to the relator, by virtue of which he was exempt from classification

as an alien under the provisions of the immigration act of February 20, 1907; that, though he was born abroad and had hitherto remained abroad, the naturalization of his father during his minority gave him this inchoate right, and he could not be prevented from entering the country, in order to begin a permanent residence in the United States, as a condition precedent to receiving the full citizenship conferred by the act. This contention merits, and must receive, careful consideration.

Prior to the act of March 2, 1907, the law on the subject of such citizenship was contained in section 2172 of the Revised Statutes (page 1334, U. S. Comp. St. 1901), as follows:

"The children of persons who have been duly naturalized under any law of the United States, - * * * being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof."

Counsel for the United States has pointed out that, though this had been a law from a very early date, and had received judicial interpretation in other respects, its effect upon classes otherwise excluded by the immigration laws appears not to have come before any court until after 1900. In 1904, in United States ex rel. Abdoo v. Williams, Immigration Commissioner (C. C.) 132 Fed. 894, the question came before Judge Lacombe, in the Southern district of New York. Two minor children, natives of Syria, arrived at the port of New York, and were detained at Ellis Island as persons afflicted with trachoma. While they were at the Island, the father took out his final papers. In holding that the children were not thereby entitled to admission into the country, Judge Lacombe said:

"The naturalization of the father did not change the status of these children. They were born out of the limits and jurisdiction of the United States, their father at the time of their respective births not being a citizen thereof. Therefore, under Rev. St. U. S. § 1993 (U. S. Comp. St. 1901, p. 1268), they were born aliens. They were aliens when they arrived here on July 31, 1904. The effect of their father's naturalization has been carefully restricted by Congress. * * * It has been repeatedly held that the mere being at Ellis Island in the custody of the immigration authorities is not a landing within the meaning of any provision of the Revised Statutes, and that no landing has been effected until the immigrant has been passed by the authorities at Ellis Island. In re Palagano (C. C.) 38 Fed. 580; Nishimura Ekiu v. U. S., 142 U. S. 651, 12 Sup. Ct. 336, 35 L. Ed. 1146; In re Gayde (C. C.) 113 Fed. 588. Therefore these children were not dwelling in the United States when their father was naturalized, and his act did not require the authorities to consider them as citizens. Being aliens and indisputably immigrants, the provisions of the exclusion acts apply, and it being properly·determined that they are within one of the excluded classes, the respondent has jurisdiction to hold them for deportation. The relator relies on In re Di Simone (D. C.) 108 Fed. 942. * * * Although the opinion cited is a careful and elaborate one, it is unpersuasive to the conclusion that plain, positive and unambiguous provisions of statute should be disregarded, as they necessarily must be to reach the result contended for."

In Zartarian v. Billings, 204 U. S. 170, 27 Sup. Ct. 182, 51 L. Ed. 428, Zartarian, a subject of the Sultan of Turkey, became a naturalized citizen of the United States in 1896. His daughter Mariam, born in Turkey, arrived at Boston in 1905, when 15 years of age. She was found to have trachoma, and excluded, but the contention was

that, by reason of her father's naturalization, she was entitled to admission under the provisions of section 2172 of the Revised Statutes. In denying this contention, the Supreme Court, by Mr. Justice Day, says in the course of the opinion:

"The limitation to children dwelling in the United States was doubtless inserted in recognition of the principle that citizenship cannot be conferred by the United States on the citizens of another country when under such foreign jurisdiction; and also in deference to the right of independent sovereignties to fix the allegiance of those born within their dominions, having regard to the principle of the common law which permits a sovereignty to claim, with certain exceptions, the citizenship of those born within its territory.

"It is pointed out by Mr. Justice Gray, delivering the opinion in United States v. Wong Kim Ark, 169 U. S. 649, 686, 18 Sup. Ct. 456, 42 L. Ed. 890, 904, that the naturalization acts of the United States have been careful to limit admission to citizenship to those within the limits and under the jurisdiction of the United States.

"The right of aliens to acquire citizenship is purely statutory; and the petitioner's child, having been born and remained abroad, clearly does not come within the terms of the statute. She was debarred from entering the United States by the action of the authorized officials, and never having legally landed, of course could not have dwelt within the United States. Nishimura Ekiu v. United States, 142 U. S. 651, 12 Sup. Ct. 336, 35 L. Ed. 1146. * * *

"Congress has not said that an alien child who has never dwelt in the United States, coming to join a naturalized parent, may land when afflicted with a dangerous contagious disease. As the subject is entirely within congressional control, it is only for the courts to apply the law as they find it."

The reasoning of this opinion applies, we think, to the present case. Under the law as it stood in the section of the Revised Statutes referred to, children of persons duly naturalized in the United States, who were minors at the time of such naturalization, are to be considered as citizens, if dwelling in the United States. There was an obvious ambiguity in the words, "if dwelling in the United States," which the decision of the Supreme Court, in the case just quoted from, in a large measure removed. This decision was made in January, 1907. The present immigration act was passed February 20, 1907, and the expatriation act, with section 5 of which we are here concerned, was passed March 2, 1907. We cannot agree with the learned counsel for the appellant, that this latter act was passed to cure any supposed defect or hardship pointed out by the Supreme Court in the decision referred to. If it had been so intended, we can hardly conceive that the language would not have been more clearly directed to the situation as it existed under the prior law, and by clear and unequivocal language met the ratio decidendi of the court. It is much more probable, if we may accept the history of the act, given by Van Dyne in his work on Naturalization, and his account of it is not contradicted or criticised by the counsel for the appellant, that section 5 of the act of March 2, 1907, had its origin in the doubts frequently expressed as to the meaning of the phrase, "if dwelling in the United States." He says:

"In order that there might be no further doubt as to the meaning of the phrase, 'dwelling in the United States,' Congress, in pursuance of the recommendation of the citizenship commission of 1906, designated by the Secretary of State, pursuant to the request of the House Committee on Foreign Affairs

(Report No. 4784, 59th Congress, 1st Session) enacted the law of March 2nd, 1907, section 5 of which provides," etc.

[1] As said by Mr. Justice Day, the right of aliens to acquire citizenship is purely statutory. Laws regulating and restricting such admission are not in derogation of common right, and there is therefore no rule of strict construction to be applied to these statutes as against the United States, in favor of one seeking such admission. On the contrary, an applicant for admission to citizenship must show strict compliance with the conditions imposed by law upon his admission.

[2] Under the act of March 2, 1907, citizenship is only conferred upon the minor child of a naturalized parent when (or if) he has begun to reside permanently in the United States. Until then, he is an alien, and he cannot begin to ·so reside if he belongs to a class of aliens debarred from entry into the country by the act to regulate the immigration of aliens into the United States. The language of Mr. Justice Day, in regard to the law then under discussion, may be applied with little change to the situation under section 5 of the act of 1907, and it is still true that Congress has never said that an alien child, who has never begun to reside permanently in the United States, coming to join a naturalized parent, may land, when an idiot, or otherwise belonging to the excluded classes.

We must therefore conclude that, under the provisions of that section, the naturalization of the father in the United States, will not permit his minor children, born abroad and remaining in the country of their nativity until after his naturalization, to come into the United States if they are idiots, feeble minded, convicted criminals, afflicted with loathsome or dangerous contagious diseases, anarchists, or otherwise prohibited from entering the United States by the immigration laws thereof.

The judgment of the court below is therefore affirmed.