In re CAMARAS.

(District Court, D. Rhode Island. February 19, 1913.)

1. ALIENS (§ 70*)—CITIZENS (§ 9*)—BOND—NATURALIZATION—EFFECT—CHILDREN.

Where an alien executed a bond required by the acting Secretary of Commerce and Labor for hospital treatment of his daughter on her being refused admission because she was suffering from a contagious disease, the alien's subsequent naturalization would not confer citizenship on the daughter, nor would it avoid the penalty of the bond.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 151, 154–160; Dec. Dig. § 70;* Citizens, Cent. Dig. §§ 8–12; Dec. Dig. § 9.*]

2. ALIENS (§ 62*)—NATURALIZATION—MORAL CHARACTER.

Where an alien, in his petition for naturalization, misnamed one of his children and stated that they all resided in Providence, when in fact one of them had not entered the country, but it did not appear that his act amounted to an attempt to conceal the identity of the daughter, such fact did not show such a lack of good moral character as to justify denial of the petition on that ground alone.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. § 62.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition by Morris Camaras for naturalization. On objections of the United States attorney. Overruled.

Philip C. Joslin, for petitioner.

BROWN, District Judge. The petitioner has duly complied with all the requirements of law and has furnished sufficient proof of his right to be naturalized. Objection is made on behalf of the United States to the granting of the petition.

It is shown that the petitioner has a minor daughter, Celia, a native of Russia, age 11 years, who arrived in Boston July 25, 1912, and was held by the immigration officers as an alien afflicted with trachoma, a dangerous, contagious disease. August 9, 1912, the Acting Secretary of the Department of Commerce and Labor authorized hospital treatment upon the giving of the bond appropriate to such cases. Bond was given August 20, 1912.

[1] That the naturalization of the petitioner will not, under such circumstances, confer upon the daughter citizenship in the United States, is determined by the decision of the Supreme Court in Zartarian v. Billings, 204 U. S. 170, 27 Sup. Ct. 182, 51 L. Ed. 428. See, also, U. S. v. Williams (C. C.) 132 Fed. 894.

Neither does it seem to me that there is force in the suggestion that the naturalization of this petitioner could have any effect to avoid the penalty of the bond.

[2] It is further suggested that in his petition the petitioner gave the names of all his children as residing at Providence, but that the name Celia was not included and the name Ida was given instead. It does not appear, however, that any attempt was made to conceal the parentage or identity of this daughter Celia when she came to this country, and I am unable to find in this discrepancy alone, in the absence of any attempt to conceal the identity of this daughter, evidence of bad faith, or of such a lack of good moral character as to justify denial of the petition on this ground alone.

The objections are overruled, and the petition for naturalization will be granted.