## IN THE MATTER OF THE APPLICATION OF TOME TANNO FOR A WRIT OF HABEAS CORPUS.

### October 18, 1913.

1. *Statutes—Construction—Exceptions to letter of law:* An exception to the letter of a statute may not be raised on the ground that a matter is not within its spirit, unless the reason for the exception be imperative or at least reasonably clear.

2. *Aliens—Immigration—Wife of resident alien:* The wife of a resident alien is subject to the immigration act, 34 Stat. 898, am. 36 Stat. 263.

*Habeas Corpus:* Hearing on traverse to return.

*J. Lightfoot* for petitioner.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

CLEMONS, J. A sufficient preliminary statement of this case appears in the decision overruling the demurrer to the return, ante, p. 266. A traverse to the return was thereafter filed which, aside from its attempted renewal of the demurrer, raises an issue as to the "full [ness], complete [ness] and fair [ness]" of the hearing before the

board of special inquiry. On this issue the case was set for hearing, but in reply to the court's request there was then no offer to prove anything outside of what already appeared in the record of the hearing before the board, except further matters in mitigation of the alleged adultery and further matters in support of the petitioner's alleged marriage.

In a brief subsequently filed, the petitioner again raises the question of the moral turpitude of the petitioner's alleged adultery and attempts to justify it by the circumstance of her former husband's failure to furnish her with the necessities of life. The ruling on the demurrer settles this question: the acknowledged commission of the act is what excludes the alien; there are no exceptions on the ground of circumstances,—at least save such circumstances, absent here, as the law would recognize as depriving the act of its voluntary character.

[1] The point is also made, in argument, that the principle of the decision in the case of the *Church of the Holy Trinity v. United States*, 143 U. S. 457, 472 (summarized in *Tsoi Sim v. United States*, 116 Fed. 920, 926-927) should be applied to prevent the application of the act in question (34 Stat. 898, am. 36 Stat. 263) to a woman whose admitted crime was committed some eight years ago, as is the fact here, and under stress of circumstances, and who having now married is presumed to be disposed to observe her marital obligations,—in other words, is presumed to have repented and reformed. That decision raised an exception to the letter of the law because the court conceived the excepted case not to be within its spirit. But I see no reason for regarding the present case as beyond the spirit of the statute. Courts should be slow to raise exceptions to the letter of the legislative will, unless the exception be imperative or at least reasonably clear.

[2] The petitioner, in her brief, argues also the question of the sufficiency of her alleged marriage to a resident alien. But the question is not open. She offered what testimony

she had—which was merely the say-so of herself and her alleged husband that she had been married by "correspondence." Apparently the board did not believe the evidence on that point. But in any event, the element of marriage would seem to be immaterial. For the petitioner's position as the wife of a resident alien could be no stronger than that of the non-naturalizable immigrant wife of a citizen, whom both the Supreme Court and the Circuit Court of Appeals for the ninth circuit have held to be subject to the immigration act. *Low Wah Suey v. Backus,* 225 U. S. 460, 473-474, 475-476; *Looe Shee v. North,* 170 Fed. 566, 571. See, also, the present court's ruling in the case of *Chong Shee,* ante, p. 80. The conclusion in the cases just cited is supported by the decision in *Zartarian v. Billings,* 204 U. S. 170, applying the immigration act of 1903, 32 Stat. 1213, and holding that a minor child of a naturalized citizen, born abroad and remaining abroad until after her father's naturalization, is excluded from admission if afflicted with a dangerous, contagious disease. The basis of that decision is the child's want of citizenship, her alienage; just as alienage is the basis of the decision in the case of *Low Wah Suey,* supra.

One is conscious of a conflict of policies with regard to the application of section 2,—on the one hand, the unwritten policy that husband and wife should not be separated (*Tsoi Sim v. United States,* 116 Fed. 920, 923, 925) and on the other the letter of the law as here written. But the courts have nothing to do with the fact that this statute is capable of working harshly. *Low Wah Suey v. Backus,* 225 U. S. 476; *In the Matter of Chong Shee,* ante, p. 80. See *Zartarian v. Billings,* 204 U. S. 175. And this court cannot refuse to apply to section 2 the principle applied by the Supreme Court to section 3 (case of *Low Wah Suey,* supra) and to the corresponding section of the immigration act of 1903 (case of *Zartarian,* supra), merely because the principle may seem of doubtful application to one or more of

the extended list of inhibited conditions attending alien immigrants: especially, in the case at bar, the court may not, if it would, enforce its own idea of what is more desirable,—to keep husband and wife (if there be a marriage here) together at all events, or to keep from our country a wife who has committed a crime involving moral turpitude. In such case a married woman may be as objectionable as a single woman. *Low Wah Suey v. Backus,* supra, at 476 [*Lapina v. Williams,* 232 U. S. 78, 92].

Aside, then, from the fact that all the evidence which the petitioner had to offer was heard by the immigration officers, the court need here receive no further evidence which she could now produce either as to circumstances mitigating her adultery or as to the fact of her marriage.

The findings of the board of special inquiry that the petitioner is an alien immigrant and that she had admitted the commission of a crime involving moral turpitude, were had after a fair hearing, and are based upon evidence legally sufficient, in my opinion, to justify the conclusions reached. Therefore, let the writ be discharged and the petitioner remanded to the custody of the respondent.