### Ex parte GORELICK et al.

(District Court, S. D. New York. March 11, 1924.)

Aliens ☞51½, New, vol. 16A Key-No. Series—Widow and children of deceased minister held not entitled to admission.

    Under Immigration Act 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), a minister having the right of admission, though quota from his country is exhausted, is entitled to have his wife and minor children admitted; but the widow and minor children of a deceased minister are not entitled to admission, though the minister was alive when the widow left the foreign country, or was then dead, and she was unaware of his death, as the status of an immigrant is determined as of the time of admission, not as of the time of leaving the foreign country.

Habeas Corpus. Petition for writ in behalf of Szejndla Gorelick and children. Writ dismissed.

Siegel & Corn, of New York City (Isaac Siegel, of counsel), for petitioner.

William Hayward, U. S. Atty., of New York City (James C. Thomas, of New York City, of counsel), opposed.

GODDARD, District Judge. Petition for writ of habeas corpus in behalf of a mother and two children.

Szejndla Gorelick and her two children, Berko Gorelick and Anna Gorelick, aged 14 and 15 years, respectively, arrived at Ellis Island from Poland on January 2, 1924. Her husband and father of the two children was a rabbi of a congregation in Burlington, Vt. He died June 14, 1923, and was succeeded by his son, Leizer Gorelick, as rabbi of that congregation. The father left a small estate of about $1,000, and the congregation raised a fund of some $3,000 for the benefit of the widow. The son states that his mother left Poland unaware of the death of her husband, and that every effort has been made to keep the information from her until he himself can tell her, and be with her to help comfort her in her grief.

Admission is claimed by reason of the exemption set forth in section 3 of the Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), reading as follows:

"The provision next foregoing, however, shall not apply to persons of the following status or occupations:

"Government officers, ministers or religious teachers, missionaries, lawyers, physicians, chemists, civil engineers, teachers, students, authors," etc., " *  *  *  nor to their legal wives or their children under 16 years of age who shall accompany them or who subsequently may apply for admission to the United States.  *  *  * "

They are denied admission by the Commissioner of Immigration on the ground that the quota for Poland, the country from which they come, is now exhausted.

The Circuit Court of Appeals of this circuit has held in the case of Gottlieb v. Commissioner of Immigration, 285 Fed. 295, that under section 3 of the Basic Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b) the wife and minor child of a minister are admissible, and that, the Quota Act (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd) having given the minister the right of admission, it was a reasonable construction of the statute to hold that it was the intention of Congress to permit the minister to have his wife and minor children, for it is settled policy of Congress not to separate a husband from his wife and minor children. The theory of the decision is that the Quota Act is an addition to and not a substitute for the Basic Act; the Basic Act giving the minister and his wife and minor children the right of admission, and the Quota Act giving the minister the right of admission, and it followed under a proper construction that the Quota Act did not intend that the husband and his wife and family were to be separated, but it was intended that the wife and children could join the husband and father. The husband and father having died, the reason for their admission ceases to exist. It would not help the situation if the husband had been living when she left Poland, or whether she was then unaware of his death, for the status of an immigrant is determined as of the time of the admission. Re Wu Kao (D. C.) 270 Fed. 351.

This case awakens the deepest sympathy. The Supreme Court has had occasion to express itself with respect to the sympathetic alien cases. It has in Zartarian v. Billings, 204 U. S. 170, at page 175, 27 Sup. Ct. 182, 184 (51 L. Ed. 428) said:

"It is urged that this seems a harsh application of the law, but if the terms of the statute are to be extended  *  *  *  such action must come from legislation of Congress and not judicial decision."

From the record, it is evident that the widow and children are persons of a character who would now be welcomed here were the quota from their country not exhausted for the present period, and their counsel has presented the case earnestly and ably, but under a fair construction of the law it seems to me clear that the writ must be dismissed.

Writ dismissed.