## Ex parte KAZAN et al.

(District Court, S. D. Texas, Laredo Division. May 2, 1925.)

No. 312.

**I. Aliens ⟲�net54—Person claiming citizenship held entitled to have claim determined in advance of deportation proceedings.**

Person detained for deportation as alien has right to have question of claim of citizenship determined in advance of deportation proceedings.

**2. Aliens ⟲⟲61—Aliens in excluded class cannot be allowed to obtain permanent foothold in United States.**

Aliens belonging to any excluded class could not be allowed to enter and take permanent foothold in United States so as to acquire citizenship.

**3. Aliens ⟲⟲53—Minor children of citizen, not in any excluded class, held not subject to deportation because they entered via Mexico without residing therein 2 years.**

Minor children of naturalized citizen, not in any excluded class, who by permission entered and resided in United States for more than 16 months and complied with every provision of Act March 2, 1907, § 5 (Comp. St. § 3962), except that they came immediately into United States via Mexico without having resided therein for 2 years, could not be deported as aliens under Act Feb. 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), merely because they were admitted by mistake of law or fact.

Habeas Corpus. Application for writ by Charles Kazan and Mentaldo Kazan. Writ granted provisionally.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, Tex., for relators.

H. M. Holden, Dist. Atty., and E. R. Warnken, Asst. Dist. Atty., both of Houston, Tex., for the United States.

HUTCHESON, District Judge. Respondent in his answer to the writ justifies the detention of relators on the ground that they are aliens held in deportation proceedings, and asserts that not the relators, but the writ, should be discharged because issued prematurely; there being not only no order for deportation entered, but no hearing as yet had.

Relators reply, making the contention very seriously that the immigration authorities are without jurisdiction to detain them for that they are citizens, being children of a naturalized citizen and having entered the United States while yet minors, and having for more than 16 months resided here. Ng Fung Ho v. White, 259 U. S. 278, 42 S. Ct. 492, 66 L. Ed. 938.

Respondent concedes that they are children of a naturalized citizen, that they entered the United States with the intention of permanently residing here, and that they have resided here for the period claimed; but he denies that they thereby became citizens, and asserts that they entered illegally, in that they came immediately into the United States via Mexico without having the two years' residence there required by the statutes of aliens entering that way, and, having entered illegally, they cannot be considered as having commenced permanently to reside here within the meaning of the law so as to become citizens. That they therefore are and remain aliens, and subject to deportation under section 4289¼jj, Comp. St. 1919, Supp., as aliens who shall have entered or shall be

found in the United States in violation of this act, citing Kaplan v. Tod, 45 S. Ct. 257, 69 L. Ed. ——, March 2, 1925; United States ex rel. De Rienzo v. Rodgers, 185 F. 334, 107 C. C. A. 452; United States ex rel. Patton v. Tod (C. C. A.) 297 F. 385; Zartarian v. Billings, 204 U. S. 170, 27 S. Ct. 182, 51 L. Ed. 428.

The facts in this case are brief and simple. They are:

1. The relators are the children of a naturalized American citizen, who returned to his native country in 1923 while the relators were still minors, returning to the United States via Mexico and entering at the port of Laredo, bringing the children in question with him.

2. His American citizenship being unquestioned then and now, the father was admitted, and the children, as children of a naturalized citizen, were also admitted with him; they intending to become citizens of the United States and intending to reside permanently here, and having since resided here.

3. On the hearing Mr. Trout, the immigration inspector in charge, testified that he admitted the children because he was under the impression, gained from the statements of the father, and from an inspection of a decree of the court admitting the father to citizenship, that the children were living in the United States at the time of the father's naturalization. The father and children testified that they made no such statement at the time of admission, but that they stated positively, upon examination, that the children had never been in the United States before.

4. I find that no misstatement of facts was made, and I further find that the children were admitted as citizens either upon a mistake of law as to their status, or upon a mistake of fact as to their former residence.

5. I find, however, that neither petitioners nor their father had any fraudulent intent or purpose, and that they did not intentionally deceive or mislead the immigration officers.

6. Petitioners do not belong to any of the classes excluded by law, and are in every way eligible for citizenship.

7. The only ground against their admission in 1923 was that, coming through Mexico, they had not been in that country the two years required of aliens coming that way, before offering for entry.

[1, 2] 8. That relators had the right to have the question of their citizenship determined in advance of deportation proceedings under the claim here made is settled by the authorities, Ng Fung Ho v. White, 259 U. S. 278, 42 S. Ct. 492, 66 L. Ed. 938; that at the time they entered the United States in 1923 they were aliens subject to be excluded as such, and if they belonged to any of the excluded classes could not be allowed to enter again or take up a permanent foothold here, is settled by the authorities cited on behalf of the government above referred to.

In each of these cases the person claiming exemption from classification as an alien and a right as a citizen was within one of the definitely excluded classes, and none of these cases control a case like this, where the claim against the alien is merely that he entered, though in good faith and openly, contrary to some formal requirement of the law.

I have no doubt that if these applicants had entered surreptitiously or deliberately in defiance of law, or belonged to any of the excluded classes, their entry into and residence in the United States would not confer the citizenship which they claim.

[3] On the other hand, I am of the opinion that while the point is a close one, it ought to be held that petitioners having come into the United States, not secretly and clandestinely, but openly, and by permission, and having in every way, except in the matter of compliance with a formal condition of entry, complied with the provisions of section 5, Act of March 2, 1907 (Comp. St. § 3962), by residing permanently in the United States since their entry, it cannot be said that the mere fact that they were admitted under a mistake, either of law or fact, is sufficient to suspend the operation of the statute above referred to.

While the cases above cited contain general expressions with reference to the necessity of a legal entry, I have found no case discussing the precise question involved here, but see Ex parte Lalime (D. C.) 244 F. 279, in which it was held that the mere fact that an alien made a misstatement as to where he was intending to proceed is no ground for deportation, after admission, and Howe v. United States, 247 F. 292, 159 C. C. A. 386, holding that a person having been given a pass to enter the United States, such entry was not illegal, and the alien could not be deported.

Let the petitioners remain in their present custody for 10 days, at which time, if no appeal is taken from this order, counsel for relators may present an order discharging petitioners. If during that period an appeal is taken, then the order presented should provide as a condition to the discharge for pe-

titioners' making bond to answer to the final disposition of the appeal and of the deportation proceedings, if this judgment is reversed.