## MOCK GUM YING v. CAHILL, Com'r of Immigration, etc.

### No. 7968.

Circuit Court of Appeals, Ninth Circuit.

Feb. 10, 1936.

Carrol S. Bucher and Stephen M. White, both of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This cause presents an appeal from an order of the District Court denying a petition for a writ of habeas corpus.

The immigration records disclose as undisputed material facts the following: The appellant was born in China on March 4, 1914, and arrived in the United States on August 4, 1934; her parents had intermarried in the United States prior to March 2, 1907, the exact date not being known, and departed for China in 1906; the father was an alien Chinese; he died in 1916; the mother was born in the United States in 1884; she died in 1927; the appellant has a brother, Mock Sing Yow, and a sister, Mock King Far, both of whom were born in China; the brother and sister, in company with their mother, came to the United States in 1920 and were admitted as citizens of the United States; in 1932, Mock Sing Yow, prior to departure for China, was issued a citizen's return certificate and was admitted by the immigration authorities at San Francisco on his return from China in 1933 under a citizenship status.

The single issue for our determination is appellant's contention that she is a citizen of the United States because her mother was a citizen.

■ Appellant claiming American citizenship through her mother invokes the Act of April 14, 1802 (8 U.S.C.A. § 7), which was re-enacted June 22, 1874, incorporated in the Revised Statutes as section 2172, and thereafter finding a place as title 8, section 7 of the "Code of Laws of the United States in force December 7, 1925, as enacted by Congress on June 28 and approved on June 30, 1926."

The act above cited contains two principal clauses, the first of which provides: First clause. "The children of persons who have been duly naturalized under any law of the United States, or who, previous to the passing of any law on that subject, by the Government of the United States, may have become citizens of any one of the States, under the laws thereof, being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof." And the other relating to an entirely different status providing as follows: Second clause; "and the children of persons who now are, or have been, citizens of the United States, shall, though born out of the limits and jurisdiction of the United States, be considered as citizens thereof."

We hold that the first of the two clauses is prospective and the latter is not so. In United States v. Wong Kim Ark, 169 U.S. 649, 674, 18 S.Ct. 456, 466, 42 L.Ed. 890, 899, the court said:

"The provision of that act, concerning 'the children of persons duly naturalized under any of the laws of the United States,' not being restricted to the children of persons already naturalized, might well be held to include children of persons thereafter to be naturalized. 2 Kent Com. 51, 52; West v. West, 8 Paige [N.Y.] 433; United States v. Kellar [C.C.] 13 F. 82, 11 Biss. 314; Boyd v. State of Nebraska, 143 U.S. 135, 177, 12 S.Ct. 375 [36 L.Ed. 103].

"But the provision concerning foreign-born children, being expressly limited to

the children of persons who then were or had been citizens, clearly did not include foreign-born children of any person who became a citizen since its enactment. 2 Kent Com. 52, 53; Binney, Alienigenæ, 20, 25; 2 Am.Law Reg. 203, 205. Mr. Binney's paper, as he states in his preface, was printed by him in the hope that congress might supply this defect in our law."

The view last above set forth was reasserted in Weedin v. Chin Bow, 274 U.S. 657, at pages 663, 664, 47 S.Ct. 772–774, 71 L.Ed. 1284.

It is true as contended by appellant that the quoted language in his brief and taken from United States v. Kellar (C.C.) 13 F. 82, lends color to his contention, but in fact the case deals only with the first of the two clauses hereinabove set forth, and we think does not support the claim that the second of such clauses is prospective. Nor do we think that appellant's contention that clause No. 2 of the above act is prospective is supported by Boyd v. Nebraska, 143 U.S. 135, 12 S.Ct. 375, 36 L.Ed. 103, nor by Zartarian v. Billings, 204 U.S. 170, 27 S.Ct. 182, 51 L.Ed. 428, for the reason that they deal with the status of children of persons "duly naturalized" and thus fall within the purview of the first clause of the act, and that clause is of no avail to this appellant.

■ In fact and in law the claims of petitioner are without support in either clause of the act, for even if her mother were a person "duly naturalized," she (the petitioner) neither is nor has been "dwelling in the United States," her entry into this country was not legal she therefore could not be "dwelling in the United States" (Zartarian v. Billings, supra; Kaplan v. Tod, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585), and because appellant's mother was born in 1884 it cannot be said that the act of 1874 which was expressly limited to the children of persons "who now are, or have been" citizens, affords any support to her contention.

■ Decisions of local immigration officers in admitting appellant's brother and sister cannot be given serious consideration in this proceeding. It is sufficient to say that notwithstanding apparent discriminations or appealing arguments based upon emotions, the fact remains that the words of the act are clear and the expressed purpose of the Congress must be upheld.

■ The true rule with respect to administrative construction does not go further than to say that courts will not disturb it if it has uniform and more or less continuous use except for strong reasons. In this case no such uniformity or continuity is shown, and we note it only to inquire if such administrative construction was supported by compelling reasons. We must hold that we find no such reasons in this record.

We cannot hold that appellant is a citizen. We must hold that she is an alien, and therefore the order of the District Court is affirmed.

MATHEWS, Circuit Judge (concurring).

Appellant sought admission to the United States as a citizen thereof. Her case was heard by a Board of Special Inquiry appointed under section 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 887, 8 U.S.C.A. § 153. The board determined that appellant was not a citizen and should not be admitted. That determination was upheld by the Secretary of Labor. Appellant then applied for a writ of habeas corpus and, from an order denying the writ, has appealed to this court.

The facts are not in dispute. Appellant was born in China on March 4, 1914, and has never resided in the United States. She is not, nor is she the child of, a naturalized citizen. Her father was an alien Chinese. Her mother was born in the United States in 1884 and was, by birth, an American citizen. Appellant's father and mother were married in the United States in or prior to 1906 and, in that year, removed to China, where they subsequently resided. On these facts, it was held by the board and by the secretary that appellant's alleged citizenship was not established.

The secretary's decision denying appellant admission to the United States is final and conclusive upon the courts, unless it be shown that the proceedings were manifestly unfair or conducted in an unlawful or improper way, or that there was a manifest abuse of discretion. Ng Heu Yim v. Bonham (C.C.A.9) 79 F.(2d) 655, 656. There is no such showing in this case.

Appellant claims that, because her mother was or had been a citizen of the United States, she (appellant) was also

a citizen, by virtue of the provision in section 4 of the Act of April 14, 1802, c. 28, 2 Stat. 155, R.S. § 2172, 8 U.S.C.A. § 7, that "the children of persons who now are, or have been, citizens of the United States, shall, though born out of the limits and jurisdiction of the United States, be considered as citizens thereof."

As used in this section, the word "now" means April 14, 1802. The quoted provision applies only to the children of persons who were on that date, or theretofore had been, citizens of the United States. United States v. Wong Kim Ark, 169 U.S. 649, 673, 18 S.Ct. 456, 42 L.Ed. 890; Weedin v. Chin Bow, 274 U.S. 657, 663, 47 S.Ct. 772, 71 L.Ed. 1284; State ex rel. Phelps v. Jackson, 79 Vt. 504, 65 A. 657, 660, 8 L.R.A.(N.S.) 1245. Appellant's mother was not born until 1884 and, of course, was not a citizen in 1802. There is, therefore, no basis for appellant's claim.

The fact that appellant's brother and sister, also born in China, were admitted to the United States as citizens, proves nothing, except that, in admitting them, the immigration authorities made a mistake which, if possible, should be corrected, not repeated.

The writ of habeas corpus was properly denied.