### Ex parte WIENKE et al.
### No. 23119–S.

District Court, N. D. California, S. D.

Feb. 27, 1940.

Joseph P. Fallon, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal.

ST. SURE, District Judge.

Petition in habeas corpus in an exclusion case involving the liberty of five minor children born to alien parents. The father, a native German, entered the United States in 1913 and applied for citizenship. In 1914 he enlisted in the United States Army, and was stationed in the Philippines. He was honorably discharged in 1919, and in that year married a native of the Philippines. Six children of the marriage were born in the Islands. The father later came to San Francisco, and on February 9, 1932, his wife and children joined him. On May 25, 1934, he was naturalized. The family resided in the United States for a period of four years, four months, and seventeen days. They became public charges, and upon learning that she could thereby secure free transportation back to the Philippines, the mother repatriated herself and the children to the Philippines. On June 26, 1936, the entire family returned to the Islands, reestablished a home, and would have re-

mained there had not the father lost employment. In April, 1939, the father and the eldest son returned to the United States, and were admitted as citizens. It now appears that the admission of that son was illegal, but the error in nowise aids the entry of the five applicants. Such mistakes "should be corrected, not repeated." Mock Gum Ying v. Cahill, 9 Cir., 81 F.2d 940, 943. On August 3, 1939, applicants and their mother arrived in San Francisco with passports for the applicants and a Mexican visa for herself. They were taken to Angel Island, and after hearing, the Board of Special Inquiry denied their right to enter because they were "immigrants not in possession of unexpired immigration visas" [Act of May 26, 1924, 8 U.S.C.A. § 213(a)], and "likely to become a public charge" [Act of February 5,.1917, 8 U.S.C.A. § 136(i)]. Upon appeal to the Secretary of Labor the ruling was affirmed, with the comment that because of the distressing circumstances the case should be given as favorable consideration as possible. "To require the return of the children to the Philippine Islands would visit extraordinary hardship and it is believed that they should be permitted to transship with their mother to Mexico, where it is possible that the father can obtain immigration visas for the mother and children to enter the United States as nonquota immigrants. It is recommended that the request of counsel that the mother be permitted to proceed in transit to Mexico be granted; that his request that the children be admitted as citizens be denied but in lieu of departing for the Philippine Islands they be permitted to transship to Mexico with their mother, provided the steamship company bringing them to the United States agrees to return them to the port whence they now come without expense to the Government in the event admission to Mexico is denied."

Counsel for applicants contends "that upon the naturalization of the father, the minor children permanently domiciled with him in the United States automatically became citizens, and · were not divested thereof by any act of anybody since said event took place," citing § 2172, Rev.Stat., 8 U.S.C.A. § 7. [1] Counsel further contends that this section "has not been repealed and is in full force and effect"; that "The act approved March 2, 1907, Title 8, Sec. 8, U.S.C.A., entitled, 'An act in reference to the expatriation of citizens and their protection abroad,' is not and never was a naturalization law, and its very title shows that it deals with expatriation of citizens and their protection abroad."

The Government contends that the applicable statute is 8 U.S.C.A. § 8 as amended May 24, 1934. [2] The amendment effective at noon of said day provides that the citizenship of a minor claiming citizenship by virtue of the naturalization of a parent "shall begin five years after the time such minor child begins to reside permanently in the United States."

The answer to applicants' contentions is found in United States v. Tod, D.C., 3 F.2d 836, 837, 838, where the court said:

"Section 2172 of the Revised Statutes [8 U.S.C.A. § 7] was enacted in 1802, as part of the Naturalization Law of the

---

[1] 8 U.S.C.A. § 7. "The children of persons who have been duly naturalized under any law of the United States, or who, previous to the passing of any law on that subject, by the Government of the United States, may have become citizens of any one of the States, under the laws thereof, being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof; and the children of persons who now are, or have been, citizens of the United States, shall, though born out of the limits and jurisdiction of the United States, be considered as citizens thereof."

[2] 8 U.S.C.A. § 8 before amendment: "A child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship by the parent, where such naturalization or resumption takes place during the minority of such child. The citizenship of such minor child shall begin at the time such minor child begins to reside permanently in the United States."

8 U.S.C.A. § 8 after amendment: "A child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship by the father or the mother: Provided, That such naturalization or resumption shall take place during the minority of such child: And provided further, That the citizenship of such minor child shall begin five years after the time such minor child begins to reside permanently in the United States."

United States, and was a codification or re-enactment of Acts of March 26, 1790 (1 Stat. L. 103), and January 29, 1795 (1 Stat.L. 414). This section has never been expressly repealed or amended by any subsequent act, though the General Naturalization Law has been amended and codified since 1802. The next important act relating to alien minors in connection with citizenship was the Act of March 2, 1907 (34 Stat.L. 1228), section 5 of which [8 U.S.C.A. § 8] appears above. There has been no important change of statute with respect to the citizenship of minor aliens since 1907, down to the commencement of this proceeding.

"Although the Act of March 2, 1907, is entitled 'An act in reference to the expatriation of citizens and their protection abroad,' it has been held on good authority that section 5 thereof, above set forth, has, since March 2, 1907, been the law applicable to minor aliens coming to this country, and claiming citizenship because of the naturalization of the parent. [Citing United States v. Rodgers [3 Cir.], 185 F. 334.] * * *

"See, also, the well-considered opinion of Winslow, D. J., in United States ex rel. Patton v. Tod (decided July 6, 1923; D.C.) 292 F. 243 [246]: 'The provisions of the first clause of section 2172, in so far as they apply to the children of aliens born outside the United States, are superseded by the Act of March 2, 1907, § 5 (supra).'

"No case has been cited by the relator, and none has been found, holding that, since the Act of March 2, 1907 [8 U.S.C.A. § 8], section 2172, Rev.St. [8 U.S.C.A. § 7], has any application to minor aliens born outside of the United States coming to the United States and claiming citizenship by naturalization of the parent.

"True, the title to the Act of March 2, 1907, does not relate to the status or citizenship of minor aliens entering the country. But the title will not be controlling, since the language admits of no doubt that it is intended to apply to alien minors coming to the United States."

The Government's contention is sustained not only by the authorities above cited, but also by the "Administrative Interpretation of the Citizenship Act of May 24, 1934" in the pamphlet entitled "Naturalization, Citizenship and Expatriation Laws," dated December 1, 1936, petitioner's "Exhibit A." See also Citizenship of R. Bryan Owen, Vol. 36, Op.Atty. Gen. pages 197, 202, 203.

Under the undisputed facts here, the only statute applicable is 8 U.S.C.A. § 8. It provides that a minor born of alien parents without the United States shall be deemed a citizen by virtue of the naturalization of a parent only when such minor shall have resided permanently in the United States for five years.

While the facts have a sentimental appeal, the case must be decided in accordance with the mandate of the law. This court is without discretion in the premises and may not disregard applicable provisions of acts of Congress.[3] The courts have consistently held that "the decision of a Board of Special Inquiry is final unless reversed on appeal to the Secretary of Labor. It is only to be reviewed on habeas corpus when the administrative officers have manifestly abused the power and discretion conferred upon them." Chin Ching v. Nagle, 9 Cir., 51 F.2d 64; Tulsidas v. Insular Collector, 262 U.S. 258, 263, 43 S.Ct. 586, 67 L.Ed. 969; Quon Quon Poy v. Johnson, 273 U.S. 352, 358, 47 S.Ct. 346, 71 L.Ed. 680, citing United States v. Sing Tuck, 194 U.S. 161, 168, 24 S.Ct. 621, 48 L.Ed. 917; United States v. Ju Toy, 198 U.S. 253, 263, 25 S.Ct. 644, 49 L.Ed. 1040; Chin Yow v. United States, 208 U.S. 8, 11, 28 S.Ct. 201, 52 L.Ed. 369; Tang Tun v. Edsell, 223 U.S. 673, 675, 32 S.Ct. 359, 56 L.Ed. 606; Ng Fung Ho v. White, 259 U.S. 276, 282,

---

3 "Citizenship is a high privilege, and when doubts exist concerning a grant of it, generally at least, they should be resolved in favor of the United States and against the claimant." United States v. Manzi, 276 U.S. 463, 467, 48 S.Ct. 328, 329, 72 L.Ed. 654. "The right of aliens to acquire citizenship is purely statutory." Zartarian v. Billings, 204 U.S. 170, 175, 27 S.Ct. 182, 184, 51 L.Ed. 428. "Laws regulating and restricting. such admission are not in derogation of common right, and there is therefore no rule of strict construction to be applied to these statutes as against the United States, in favor of one seeking such admission. On the contrary, an applicant for admission to citizenship must show strict compliance with the conditions imposed by law upon his admission." United States v. Rodgers, 3 Cir., 185 F. 334, 338.

42 S.Ct. 492, 66 L.Ed. 938. There is nothing in the record showing that the hearing was unfair or that there was an abuse of discretion.

The writ will be denied.